539 So.2d 1011 (1989)
George Jason HOLLAND
v.
Rhonda Williams HOLLAND.
No. 88-CA-1873.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 1989.
Roy A. Raspanti, New Orleans, for plaintiff-appellant.
Nils R. Douglas, New Orleans, for defendant-appellee.
Before CIACCIO, WARD and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff George Holland appeals the trial court's granting of defendant Rhonda Holland's exception of no cause of action, denying his claim for reimbursement for financial contributions made to his wife's medical education during the marriage. We affirm.
FACTS:
Mr. Holland filed a petition for separation on May 12, 1986. Mrs. Holland filed an amended reconventional demand, asking for a divorce pursuant to LSA-R.S. 9:301. The trial on the merits was set for October *1012 29, 1987. At that time, the defendant's exceptions of no right of action and no cause of action as to plaintiff's petition for alimony pendente lite and permanent alimony were also to be tried. On the day of the trial, the judge reserved ruling on the exceptions to allow plaintiff time to amend the petition. A supplemental and amended petition was filed in November, 1987. The judge signed the judgment of divorce on March 30, 1988, based on her finding that the parties had lived separate and apart for one year pursuant to LSA-R.S. 9:301. The trial court allowed another supplemental petition to be filed by the plaintiff in April, 1988, pleading an alternative theory of unjust enrichment. In May, 1988 the defendant filed exceptions of no right of action and prematurity to that petition.
The plaintiff alleges that he and the defendant had an agreement during their marriage whereby he would support her while she was in medical school and then she would support plaintiff while he pursued his education. He maintains that shortly before graduation from medical school defendant left the matrimonial domicile. Plaintiff claims a right to reimbursement.
Mr. Holland advances three theories on which to base his claim for reimbursement in the series of supplemental and amended petitions he filed. They were: (1) La.C.C. art. 161, (2) unjust enrichment and (3) contract.
APPLICATION OF CIVIL CODE ARTICLE 161:
Mr. Holland claims a separate and distinct claim for reimbursement under La. C.C. art. 161, which provides as follows:
In a proceeding for a legal separation, declaration of nullity of a marriage, or divorce, or in a separate proceeding, the court may allow a party a sum for financial contributions made to the education, training, or increased earning power of the other party to the extent that the other party has not previously benefited by such education, training, or earning power.
Under the strict language of the above Codal article, the plaintiff in the instant case would have a cause of action for reimbursement. However, plaintiff's original petition for separation was filed on May 12, 1986, prior to the effective date of La.C.C. art. 161 on August 30, 1986. Act 780, which enacted article 161, provided specifically that the law was to be prospective in nature, meaning it would have no effect on any action of nullity of marriage, separation, or divorce initiated prior to the effective date of the Act, or any ancillary action to such a proceeding. La.C.C.P. art. 1153 provides that amended petitions will relate back to the date of filing of the original proceeding. All supplemental petitions therefore relate back to May 12, 1986, which is before the effective date of La.C. C. art. 161. Because the action for separation and divorce with all subsequent ancillary proceedings was initiated prior to August 30, 1986, the plaintiff's cause of action does not exist.
UNJUST ENRICHMENT:
Regarding any claim for reimbursement arising from unjust enrichment, this court again finds no cause of action. The plaintiff cannot claim that defendant was unjustly enriched because he supported her during the marriage. La.C.C. art. 119, prior to its repeal effective January, 1988, provided that spouses owe each other mutual support and assistance. Any theory of unjust enrichment would therefore be defeated because the duty of support outlined in the Civil Code article above is inconsistent with such a claim.
CONTRACT:
Finally, this court finds that the plaintiff has no cause of action for reimbursement in contract. The plaintiff's petition alleges an agreement between the parties to support each other while each spouse went to school. The plaintiff contends that he supported his wife through medical school and that he now should be supported for five years while he goes to school, even though the marriage is over.
La.C.C. art. 2330 excludes certain agreements between spouses because of a *1013 strong public policy against such contracts. It provides as follows:
Spouses may not by agreement before or during marriage, renounce or alter the marital portion or the established order of succession. Nor may the spouses limit with respect to third persons the right that one spouse also has under the legal regime to obligate the community or to alienate, encumber, or lease community property.
The above language does not exclude the contract in question here. Additionally, the official comments following article 2330 refer to the flexibility given spouses to contract by matrimonial agreement and state specifically that marital agreements providing for contributions to the expenses of the marriage are not prohibited. However, for such agreements to be valid, certain form requirements must be met. La.C.C. art. 2331 states that a matrimonial agreement shall be made by authentic act or by an act under private signature duly acknowledged by the spouses. The plaintiff has failed to indicate the existence of such a formalized ageement, which would give rise to a valid cause of action.
For the above and foregoing reasons, the trial court correctly sustained the defendant's exception of no cause of action.
AFFIRMED.